16934.    MYERS-FRYER COMPANY *v.* BRADLEY COMPANY.

PER CURIAM.    1. Where the relation of customer and factor exists between the owner of cotton and a commission merchant with whom it has been stored for the purpose of sale, the reduction to writing of a lien to secure advances made on the cotton thus stored, which by its terms is in no wise inconsistent with the relationship theretofore existing, does not destroy the relationship of factor and customer. In the instant case the contract setting forth the lien for the advances made does not expressly or by implication abrogate the relationship of factor and customer. The fact that the customer's note as thus secured is made negotiable merely enables the factor to assign the indebtedness and the security therefor, and does not purport to authorize him to substitute another to perform the duties and obligations of the factor. Accordingly, in a suit by the factor for the balance due on such an obligation after the proceeds arising from a sale of the property stored had been applied thereon, it was a good ground of defense that there was a breach by the plaintiff of the obligation resting upon him as factor, in that he had failed and refused to comply with the defendant's demand to sell the cotton on a certain date, when if the demand had been complied with the proceeds of the cotton would have fully satisfied the plaintiff's claim for advances.

2. Allegations in such a plea, that the plaintiff depressed the price and the grade of the cotton in order that certain officers and stockholders of the plaintiff's firm and their relatives might gain an advantage and purchase the cotton at a low valuation, to the defendant's damage, where it does not allege how or in what manner and by what acts the plaintiff depressed the price and the grade of the cotton, are mere conclusions of the pleader. A false quotation of the price of cotton made by the plaintiff to the defendant is not an act on the part of the plaintiff depressing the price of the cotton. Such allegations were properly stricken on demurrer.

3. Except as indicated in paragraph 1, the plea set out no legal defense.

4. Under the rulings in paragraph 1 the court erred in striking the entire plea and directing a verdict for the plaintiff.

*Judgment reversed. Jenkins, P. J., Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 29, 1926. REHEARING DENIED OCTOBER 2, 1926.

Complaint; from Dougherty superior court—Judge Custer. September 28, 1925.

Application for certiorari was made to the Supreme Court.

*J. L. Dowling, C. E. Hay,* for plaintiff in error.

*Slade & Swift, Pope & Bennet,* contra.